**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RENE D. EDWARDS, | : | |
| | : | Civil Action No. 14-2802(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CAMDEN COUNTY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Rene D. Edwards
Southern State Correctional Facility
4295 Route 47
Delmont, NJ  08314
    Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Rene D. Edwards, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging an unspecified conviction.  As set forth below, the Petition and accompanying Application for leave to proceed in forma pauperis are deficient in several respects.  Accordingly, this matter will be administratively terminated, and Petitioner will be granted leave to apply to re-open by

submitting a complete amended petition and application for leave to proceed in forma pauperis.

A.   The Form of Petition

Pursuant to Local Civil Rule 81.2:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus ... shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for Section 2254 petitions, i.e., "AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)."  Moreover, the Petition is not signed, nor does it identify the challenged conviction.

B.   The Proper Respondent

Petitioner has named as Respondents Camden County, the State of New Jersey, and the Attorney General of the State of New Jersey.  Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown

2

to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement – "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides similar guidance.

> **(a) Current Custody: Naming the Respondent.** If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

Rule 2(a), Rules Governing Section 2254 Cases.

Thus, to the extent Petitioner is presently confined pursuant to a state conviction, none of the named Respondents is a proper respondent. Instead, the warden of the facility where Petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed.

C.   <u>The Filing Fee</u>

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a

3

prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), but he did submit an application for leave to proceed in forma pauperis. However, that application is deficient in that the accompanying institutional account statements are not certified by an authorized officer of the institution as required by Local Civil Rule 81.2(b).

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials'

4

refusal to comply, including the dates of such events and the names of the individuals involved.

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[1] Petitioner will be granted leave to apply to re-open within 30 days, by submitting a complete, signed amended petition and by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated:  June 23, 2014

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).