**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE D. EDWARDS, | : |
| Petitioner, | : Civil Action No. 14-2802 (NLH) |
| v. | : **OPINION** |
| The ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al, | : |
| Respondents. | : |

APPEARANCES:

Rene D. Edwards, SBI #219205-B/658117
East Jersey State Prison
Lock-BAG-R
Rahway, NJ 07065
    Plaintiff Pro Se

**HILLMAN**, District Judge:

　　Petitioner Rene D. Edwards ("Petitioner"), a prisoner confined at East Jersey State Prison in Rahway, New Jersey, files the instant petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed for a state conviction of criminal sexual contact in 2006.[1]  For

---

[1]　The Court previously granted provisional in forma pauperis status to Petitioner, contingent upon submission of a proper Affidavit of Poverty and Certification.  Having received said affidavit from Petitioner, (Dkt. 11), the Court now formally grants Petitioner in forma pauperis status.

the reasons stated below, the Petition will be DISMISSED for lack of jurisdiction.

## I.   BACKGROUND

The Court recites only those facts relevant for the purpose of this Opinion.  On January 11, 2006, Petitioner pled guilty to one count of criminal sexual contact in the Superior Court of New Jersey, Law Division, in Camden County.  (Dkt. 13, Ex. Rta1[2] at 10.)  On February 17, 2006, he was sentenced, upon the prosecutor's recommendation in exchange for the guilty plea, to 5 years of probation.  (Dkt. 13, Ex. Rta2 at 6.)

However, in 2010, prior to the expiration of his probation, Petitioner was convicted for another crime and, on May 17, 2010, sentenced to five years imprisonment with two and half years of parole ineligibility.  (Dkt. 13, Ex. Rta6 at 38.)  On that same day, because of the new conviction, Petitioner was found to have violated the terms of his probation from the 2006 conviction, and sentenced to 18 months imprisonment with nine months of parole ineligibility, to be served first, before the sentence for his 2010 conviction.  Id. at 3.

---

[2]   The exhibits Rta1, Rta2, and Rta6 are taken from the record of the state proceedings submitted by Respondents as part of their Answer.  (Dkt. 13.)

On May 2, 2014, Petitioner filed the instant Petition challenging his 2006 sentence.  The Court construes the Petition as challenging his 18-month imprisonment.

## II.   DISCUSSION

"[A] habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973).  As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."  Id.

In Maleng, the Court explained that the term "custody" defines not only physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole.  See Maleng, 490 U.S. at 491; see also Hensley, 411 U.S. at 351 (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).

Here, Petitioner is not "in-custody" for the purposes of his 2006 sentence.  By the original terms of his 2006 sentence, his five-year probationary sentence, barring any credits for time already served, would have expired on February 17, 2011.  After he was found to have violated probation, he was sentenced to 18 months imprisonment, a sentence to be served first prior to his 2010 sentence.  Again, barring any credits for time served, the "new" sentence imposed for his 2006 conviction expired on November 17, 2011, prior to the filing of the instant Petition on May 2, 2014.  Therefore, while Petitioner may be incarcerated for another offense, he is no longer incarcerated for his 2006 sentence.  As such, for the purposes of his 2006 sentence and the instant Petition, he does not meet the "in-custody" requirement under § 2254.  See Maleng, 490 U.S. at 490-91; Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) ("For a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed") (citations omitted).

III.  CONCLUSION

For the reasons set forth above, the Petition will be DISMISSED for lack of jurisdiction.[3]

At Camden, New Jersey            s/ Noel L. Hillman
                                 Noel L. Hillman
                                 United States District Judge

Dated:  February 25, 2015

---

[3]   Because the Court is dismissing the Petition, Respondents' Motion to Seal, (Dkt. 14), will be dismissed as moot.