**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RENE D. EDWARDS, | : | |
| | : | Civil Action No. 14-2802 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| The ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al, | : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

Rene D. Edwards, SBI #219205-B/658117
East Jersey State Prison
Lock-BAG-R
Rahway, NJ 07065
    Plaintiff Pro Se

**HILLMAN**, District Judge:

    Petitioner Rene D. Edwards ("Petitioner"), a prisoner confined at East Jersey State Prison in Rahway, New Jersey, filed the instant petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed for a state conviction of criminal sexual contact in 2006.[1]  For the reasons stated below, the Petition is DENIED.

---

[1] The Court previously granted provisional in forma pauperis status to Petitioner, contingent upon submission of a proper Affidavit of Poverty and Certification.  Having received said

I.   BACKGROUND

On January 11, 2006, Petitioner pled guilty to one count of criminal sexual contact in the Superior Court of New Jersey, Law Division, in Camden County.  (Dkt. 13, Ex. Rta1 at 10.)  On February 17, 2006, He was sentenced, upon the prosecutor's recommendation in exchange for the guilty plea, to 5 years of probation.  (Dkt. 13, Ex. Rta2 at 6.)

Petitioner appealed his sexual contact conviction, and it was affirmed by the Appellate Division on January 10, 2007.  (Dkt. 13, Ex. Ra7.)  The New Jersey Supreme Court denied certification on June 1, 2007.  (Dkt. 13, Ex. Ra8.)  Petitioner sought post-conviction relief ("PCR") on July 20, 2007.  (Dkt. 13, Ex. Ra9.)  PCR was denied on February 22, 2008.  (Dkt. 13, Ex. Ra11.)

On appeal, the Appellate Division reversed and remanded the PCR application back to the Law Division for failure to fully explain its denial of Petitioner's ineffective assistance of counsel claim.  (Dkt. 13, Ex. Ra15 at 2-3.)  On remand, the Law Division again denied the Petition on January 29, 2010.  (Dkt. 13, Ex. Ra16.)  That decision was affirmed, and the New Jersey Supreme Court denied certification on September 7, 2012.  (Dkt. 13, Ex. Ra24.)

---

affidavit from Petitioner, (Dkt. 11), the Court now formally grants Petitioner in forma pauperis status.

In 2010, prior to the expiration of his probation, Petitioner was convicted for another crime and, on May 17, 2010, sentenced to five years imprisonment with two and half years of parole ineligibility. (Dkt. 13, Ex. Rta6 at 38.)  On that same day, because of the new conviction, Petitioner was found to have violated the terms of his probation from the 2006 conviction, and sentenced to 18 months imprisonment with nine months of parole ineligibility, to be served first before the sentence for his 2010 conviction.  Id. at 3.

On May 2, 2014, Petitioner filed the instant Petition challenging his 2006 sentence.  All of Petitioner's claims challenge his original plea agreement; Petitioner does not argue that the 18-month sentence imposed for violating probation was unconstitutional.

## II.   DISCUSSION

Petitioner raises three claims in the Petition. The first claim alleges that the Camden County prosecutor "lied" at the plea hearing about the existence of an indictment.  (Dkt. 4 at 5.)  The second and third claims both relate to, Petitioner alleges, false promises made by the trial court which induced him to agree to the plea agreement.  Id. at 7-8.  Respondents argue that Petitioner is procedurally defaulted from raising these claims in a federal habeas petition because none of these

3

claims were ever raised in the state court, either on direct appeal or in his PCR application.  The Court agrees.

A petitioner in state custody is required to exhaust state court remedies before a federal court can consider his habeas claim.  28 U.S.C. § 2254(b)(1)(A); Robinson v. Beard, 762 F.3d 316, 328 (3d Cir. 2014).  The exhaustion requirement gives the state courts "'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  Collins v. Sec'y of Pa. Dep't. of Corr., 742 F.3d 528, 542 (3d. Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)); see 28 U.S.C. § 2254(b)(1).  A state prisoner must exhaust the remedies available in state courts before bringing his federal habeas petition, unless "there is an absence of available state corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1)(B).

A habeas petitioner exhausts his state court remedies by presenting his federal constitutional claims at each level of state court empowered to hear such claims, either on direct appeal or in post-conviction proceedings.  28 U.S.C. § 2254(c); Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); Robinson, 762 F.3d at 328.  A claim is not only unexhausted but is also procedurally defaulted if state procedures prohibit the petitioner from later presenting the unexhausted claim in state

4

court.  Id. (citing Jimenez v. Walker, 458 F.3d 130, 149 (2nd Cir. 2006)).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  "We therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim."  Id.

Procedural default may be excused and a federal habeas court may address the claim if the petitioner shows cause and prejudice for the default or that a fundamental miscarriage of justice will occur if the claim is not addressed.  Collins, 742 F.3d at 542, n.8 (citing Jimenez, 458 F.3d at 149) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)).  "The existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray, 477 U.S. at 488.  The prejudice required to excuse procedural default is more than the possibility of prejudice, but that the trial errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." Albrecht v.

5

Horn, 485 F.3d 103, 124, n.7 (3d Cir. 2007) (quoting Murray, 477 U.S. at 494)).

Procedural default may also be excused where a "fundamental miscarriage of justice" will occur if the habeas court does not address the merits of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "To establish a miscarriage of justice excusing a procedural default a habeas petitioner must 'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Thus, "[a]n allegation of 'actual innocence' if credible, is one such 'miscarriage of justice' that enables courts to hear the merits" of otherwise procedurally defaulted habeas claims. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).

Here, none of the three claims raised in the Petition was raised in state court. On direct appeal, Petitioner raised only one claim, arguing that the sentence he received was inappropriate. (Dkt. 13, Ex. Rta3 at 70; Ex. Ra7.) In his brief to the New Jersey Supreme Court seeking certification for his PCR denial, Petitioner also raised only one claim, that his trial counsel was ineffective for failing to inform him of the Megan's Law consequences of his plea. (Dkt. 13, Ex. Ra22, at

6

12.)  Neither of these two claims are related to any of the claims that Petitioner is raising in the instant Petition.

New Jersey Court Rules specifically state that "[a]ny ground for relief not raised in the proceedings resulting in the conviction . . . or in any appeal taken in any such proceedings is barred from assertion [in PCR review]."  R. 3:22-4(a).  Because Petitioner never raised these claims on direct appeal, even if Petitioner had raised them on PCR review, the PCR court would have been prohibited from considering them under R. 3:22-4(a).  State v. McQuaid, 147 N.J. 464, 483 (1997) ("A defendant ordinarily must pursue relief by direct appeal, [] and may not use post-conviction relief to assert a new claim that could have been raised on direct appeal").  New Jersey courts have routinely upheld and enforced R. 3:22-4(a) on PCR review.  See State v. Hayes, Indictment No. 05-04-533, 2014 WL 3881511, at *3 (N.J. Super. Ct. App. Div. Aug. 8, 2014); State v. Edmisten, Indictment No. 08-05-01170, 2014 WL 3819047, at *8 (N.J. Super. Ct. App. Div. Aug. 5, 2014); State v. Berta, Indictment No. 83-08-1146, 2014 WL 2515693, at *4-5 (N.J. Super. Ct. App. Div. June 5, 2014).  As such, it would be futile for the Court to allow Petitioner to exhaust these claims in state court; if Petitioner goes back to state court to raise these claims on a second PCR application, the state court is likely to deny the claims as procedurally barred.

7

Petitioner also alleges no reason or cause for his failure to raise these claims in the state courts, nor argues that the state process would have been ineffective. Indeed, nothing in the Petition or in the record suggests that Petitioner could not have raised these issues on direct appeal, as the alleged unconstitutional conduct all occurred during Petitioner's plea hearing. The Court also finds that there is no prejudice or miscarriage of justice in barring Petitioner from asserting these claims; Petitioner has not alleged any error that would have "infected the entire trial with error of constitutional dimensions," Albrecht, 485 F.3d at 124 n.7, nor presented any credible argument of his actual innocence. As such, the Court finds that Petitioner is procedurally barred from asserting these claims on federal habeas review, and the Petition is denied.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### Iv.   CONCLUSION

For the reasons set forth above, the Petition is DENIED.[2]

At Camden, New Jersey            s/ Noel L. Hillman
                                 United States District Judge

Dated:  July 13, 2015

---

[2] Because the Court is denying the Petition, Respondents' Motion to Seal, (Dkt. 14), is dismissed as moot.